IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA            )
                                    )
                v.                  )       1:15cr11-1
                                    )       **Electronic Filing**
JAMES LAMONT JOHNSON                )

## OPINION

Presently before the court is defendant's *pro se* motion to withdraw guilty plea and a number of submissions that relate to or further reflect defendant's ongoing believe that 1) the documents entered into the court's record reflecting his arrest, initial appearance, and arraignment reflect inaccuracies regarding the dates of the events and 2) multiple documents have been tampered with or falsified – all of which have been undertaken in an effort to violate (and have violated) defendant's rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.   For the reasons set forth below, the motion will be denied.

The indictment charges defendant at Count One with conspiracy to defraud the United States through the submission of false claims for income tax refunds, from in and around January, 2011, and continuing thereafter until in and around May, 2012, in violation of 18 U.S.C. § 286 and at Count Two with theft of government property from in and around January, 2011, and continuing thereafter until in and around May, 2012, in violation of 18 U.S.C. §§ 641 and 2. Defendant is charged at counts three through twelve with aggravated identity theft, on or about September 15, 2011 through September 20, 2011, in violation of 18 U.S.C. §§ 1028A(a)(1) and 2.

Defendant has not sought to mount a defense to the factual allegations and/or evidence generated by the government to support the charges in the indictment.  To the contrary,

defendant persistently has sought to pursue matters which the court has determined to be irrelevant or otherwise inadmissible at trial. In this regard, on at least four separate occasions the court has thoroughly reviewed the record and addressed defendant's contentions that the record in this prosecution contains false or fictitious docket entries/information and/or measures have been taken by the Assistant United States Attorney, United States Marshal Service deputies and personnel, court personnel and/or others to violate defendant's rights. The most recent of these occasions occurred in a series of orders and the Memorandum Opinion of September 29, 2017 (Doc. No. 152), all of which were issued approximately one week prior to the scheduled commencement of trial and a few days before a scheduled hearing on defendant's repeated requests to proceed with self-representation. At that time the court also issued an order precluding defendant from advancing any evidence at trial to substantiate his position on these matters. See Order of September 27, 2017 (granting Doc. No. 143 - the government's motion *in limine*). Copies of this series of orders and rulings were hand delivered to defendant prior to the scheduled hearing on October 2, 2017. <u>See</u> Staff Notes of October 3, 2017. As reflected in the Clerk's Hearing Memorandum of October 2, 2017 (Doc. No. 156), after defendant received these rulings and understood that he would be precluded from pursuing his theories at trial he requested time to meet privately with his lawyer and was transported to the holding area of the United States Marshal's office where he met with his counsel. Defendant returned to the courtroom after thirty minutes or so and indicated he wanted to enter a conditional plea. Defendant was placed under oath and after a thorough and probing inquiry pled guilty pursuant to a conditional plea agreement.

Defendant filed the instant motion to withdraw his guilty plea approximately one week after the October 2, 2017, proceeding. He likewise filed a motion requesting the court to submit

his case to "the Attorney General's office" and the "Federal Bureau of Investigation" as well as a "motion for authenticity of warrant hearing." Each of these motions is predicated on the above-referenced themes that the court previously has addressed.

The government opposes defendant's motion. It contends that the record demonstrates that defendant entered his change of plea knowingly, voluntarily, intelligently and only after careful reflection and consideration. It reiterates the substantial body of evidence supporting the charges and points out that defendant does not assert a claim of factual innocence. It further posits that defendant has failed to raise any sound reasons for taking his current position save matters that already have been resolved against him and preserved for appeal. Thus, from the government's perspective there is no fair and just reason to permit defendant to withdraw his guilty plea.

Rule 32(e), Fed.R.Crim.P., provides that "the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason." The rule establishes a privilege to seek the withdrawal of a guilty plea. There is no absolute right to withdraw a guilty plea entered after the full protections of Rule 11 have been afforded to the defendant. United States v. Vallejo, 476 F.2d 667, 669 (3d Cir. 1973); United States v. Hawthorne, 502 F.2d 1183, 1185-86 (3d Cir. 1974).

A defendant's privilege to withdraw a guilty plea before sentencing should be recognized "if for any reason the granting of the privilege seems fair and just." Kercheval v. United States, 274 U.S. 220, 224 (1927) (emphasis added). Evaluating such a request is a matter committed to the sound discretion of the court. United States v. Statyton, 408 F.2d 559, 561 (3d Cir. 1969). Common factors which should be considered in evaluating the request are: (1) whether the defendant asserts his innocence; (2) whether the government would be prejudiced by the

withdrawal; and (3) the strength of the defendant's reasons for withdrawing the plea. <u>United States v. Jones</u>, 979 F.2d 317, 318 (3d Cir. 1992) (citing <u>United States v. Huff</u>, 873 F.2d 709, 712 (3d Cir. 1989)).

The defendant has the burden of establishing the grounds for withdrawal. <u>Government of Virgin Islands v. Berry</u>, 631 F.2d 214, 220 (3d Cir. 1980). "A simple shift in defense tactics, a change of mind, or the fear of punishment are not adequate reasons to force the government to incur the expense, difficulty and risk of trying a defendant, who has already acknowledged his guilt before the court." <u>Id.</u> Although a more liberal standard is employed prior to sentencing, after the cloak of innocence has been voluntarily and knowingly shed the defendant has the burden of establishing sufficient reasons to explain why contradictory positions were advanced and why permission should be given to reclaim the right to trial. <u>Id.</u>[1]

Each of the reasons defendant advances for withdrawing his plea falls short of the mark. First, defendant's contention that the court did not enter an order precluding defendant from advancing "evidence" about the matters of which he continues to perseverate is belied by the Order of September 27, 2017. <u>See</u> Doc. No. 147. It likewise is belied by the Memorandum Opinion of September 29, 2017, which thoroughly considered such matters for the fourth time. <u>See</u> Memorandum Order of September 29, 2017 (Doc. No. 152) and the related orders at Doc. No.s 150, 151, 153 and 154.

Second, the record likewise demonstrates that the court has been more than thorough and

---

[1] "Were withdrawal automatic in every case where the defendant decided to alter his tactics and present his theory of the case to the jury, the guilty plea would become a mere jester, a temporary and meaningless formality reversible at the defendant's whim . . . . A guilty plea is no such trifle but 'a grave and solemn act' which is 'accepted only with care and discernment.'" <u>Berry</u>, 631 F.2d at 221 (quoting <u>United States v. Barker</u>, 514 F.2d 208, 221 (D.C. Cir.) (*en banc*), <u>cert. denied</u>, 421 U.S. 1013 (1975)).

patient in hearing from defendant and considering the matters that he has sought to pursue. The court devoted several hours to the matters at a hearing on August 26, 2016, and made findings of fact addressing each of those matters. <u>See</u> the Clerk's Hearing Memorandum of August 26, 2016 (Doc. No. 87) and the series of orders that follow (Doc. No.s 88, 89 & 90). His dissatisfaction with the court's rulings is not a sound basis for withdrawing his plea of guilty.

Third, the exchange between the government and defendant as part of the plea negotiation process fails to provide grounds for withdrawal of defendant's guilty plea. As aptly noted in the government's response, the government has a significant amount of evidence to support the charges against defendant. <u>See</u> Government's Response to Defendant's Motion to Withdraw Plea (Doc. No. 167) at 7-10. This body of evidence was highlighted in the factual basis advanced at the change of plea hearing and defendant admitted under oath that as to him, it was accurate. Against this backdrop, the government is entitled to enter into the negotiation process with zealous vigor. <u>See</u> <u>United States v. Hernandez</u>, 378 F. App'x 145, 150-51 (3d Cir. 2010) ("It is inherent that 'the plea may have been induced by promises of a recommendation of a lenient sentence or a reduction of charges, and thus by fear of the possibility of a greater penalty upon conviction after a trial.'") (quoting <u>Bordenkircher v. Hayes</u>, 434 U.S. 357, 363 (1978)).

Finally, defendant's asserted reasons for withdrawing his plea are without merit in any event. The court has considered and ruled on the various matters defendant seeks to pursue at trail and ruled (repeatedly) that defendant is not entitled to relief based on the discrepancies and inconsistencies he purportedly has identified. It likewise has ruled that he cannot present evidence about these matters to the jury at trial. And while the court is confident in its rulings to date, the plea agreement reserved defendant's ability to appeal these adverse rulings. Thus, if the rulings are erroneous, defendant will be able to return to this court and pursue the matters of

which he complains.  It follows that defendant's claim of legal innocence currently cannot meet the showing needed to grant the relief defendant currently seeks.  See United States v. Brown, 250 F.3d 811, 818 (3d Cir. 2001) ("Assertions of innocence must be buttressed by facts in the record that support a claimed defense.").  And it has been left intact for appellate review in any event.

Defendant's claim of legal innocence is without merit and he has failed to identity any viable reason for withdrawing his guilty plea.  It follows that a fair and just reason for withdrawing the guilty plea entered on October 2, 2017, has not been presented.  Consequently, defendant's motion to withdraw plea as supplemented by his concomitant motions to submit the case to federal law enforcement authorities and authenticate the arrest warrant will be denied. Appropriate orders will follow.

Date: February 23, 2018

s/David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

cc:    Marshall J. Piccinini, AUSA
       Frank Walker, II, Esquire

       (*Via CM/ECF Electronic Mail*)